UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRYAN TOWNSEND,

                                       Plaintiff,

   -vs-

CITY OF CORNING,

CHIEF SALVATORE TRENTANELLI,
Individually,

LIEUTENANT JEFFREY SPAULDING,
Individually,

PATROLMAN MARK GLOVER,
Individually,

                                       Defendants.

**COMPLAINT**

**Civ. No. 6:17-cv-6556**

**JURY TRIAL DEMANDED**

## NATURE OF CLAIMS

1. This is an action brought by the Plaintiff Bryan Townsend ("Plaintiff") against the Defendants City of Corning ("City"), Chief Salvatore Trentanelli ("Chief Trentanelli"), Lieutenant Jeffrey Spaulding("Lieutenant Spaulding"), and Patrolman Mark Glover ("Patrolman Glover") (collectively ("Defendants")) in violation of 42 U.S.C. §1983 for (i) Malicious Prosecution and (ii) Abuse of Process, and New York State's Common Law Tort for (iii) Malicious Prosecution, (iv) Abuse of Process, (v) Negligent Supervision, Training and/or Retention, and (vi) Defamation *Per Se.*

## JURISDICTION

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343 and 1988.

1

3. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate Plaintiff's claims under the laws of the State of New York.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. §1391, as the events giving rise to the claims set forth by Plaintiff herein have occurred in this federal judicial district and all parties herein are located within this United States District Court.

## ADMINISTRATIVE EXHAUSTION

5. On October 13, 2016, within ninety (90) days after accrual of the aforementioned New York State Common Law Tort claims arose, Plaintiff served a Notice of Claim against all Defendants pursuant to and in compliance with N.Y. General Municipal Law §50-E.

6. Less than one (1) year and ninety (90) days has lapsed from the accrual date and the filing of Plaintiff's Complaint.

## PARTIES

7. The Plaintiff is an individual and a resident of the County of Chemung, State of New York.

8. Upon information and belief, Chief Trentanelli was employed by the City for all times relevant herein and served in the capacity as an employee, officer and/or agent.

9. Upon information and belief, Chief Trentanelli is responsible for the supervision, training and/or retention of all police officers employed by the City.

10. Each and every action and/or omission by Chief Trentanelli alleged herein were performed under the color of state law.

11. Upon information and belief, Lieutenant Spaulding was employed by the City for all times relevant herein and served in the capacity as an employee, officer and/or agent.

12. Each and every action and/or omission by Lieutenant Spaulding alleged herein were performed under the color of state law.

13. Upon information and belief, Patrolman Glover was employed by the County for all times relevant herein and served in the capacity as an employee, officer and/or agent.

14. Each and every action and/or omission by Patrolman Glover alleged herein were performed under the color of state law.

## STATEMENT OF FACTS

15. On June 13, 2015, the Plaintiff, a police officer with the Elmira Police Department in Elmira, New York, attended a golf tournament in Corning, New York.

16. Later that evening, the golf tournament merged together with a bachelorette party to form a single party.

17. Shortly thereafter, Plaintiff was summoned outside to respond to a fight/argument between the bride's maid, Lisa Hunter ("Hunter"), and the bride-to-be.

18. While attempting to intervene and break-up the fight/argument, Hunter began redirecting her aggression towards the Plaintiff by swinging at him, striking him in the face.

19. In self-defense, the Plaintiff slapped Hunter open palmed.

20. Upon information and belief, Hunter contacted the Corning Police Department ("CPD") to report the Plaintiff for his actions.

21. Given the circumstances, the CPD responding officer(s) initially stamped the incident as "harassment."

22. Upon information and belief, Lieutenant Spaulding took full-control of the investigation; at the time, Lieutenant Spaulding was not an investigator for the CPD and was not customary practice for Lieutenant Spaulding to solely take on an investigation.

23. Upon information and belief, Patrolman Glover took Hunter's official statement the following morning, on June 14, 2015, which knowingly contained false statements.

24. Patrolman Glover and Hunter had been friends for quite some time prior, and were in fact socializing and drinking alcohol together on June 13, 2015.

25. On June 16, 2015, Plaintiff, along with counsel, turned himself into the CPD.

26. Plaintiff was charged under New York Penal Law with Assault, Third Degree by Lieutenant Spaulding.

27. Lieutenant Spaulding was never directly involved with the investigations/interviews on-scene or the under taking of Hunter and/or witnesses' statements.

28. Lieutenant Spaulding charged Plaintiff based on Hunter's false statement as well as unreliable and uncorroborated statements given by three (3) independent witnesses.

29. Lieutenant Spaulding failed to interview three (3) witnesses with first-hand knowledge of the incident.

30. Katryn Woodhouse, named as a "witness" on the original CPD police report, was never interviewed; Woodhouse had been standing directly next to Hunter during the entire incident.

31. Upon interviewing Plaintiff on June 16, 2015, Lieutenant Spaulding was alerted to two (2) other key witnesses, Shannon Warren and Beth Warren; both individuals had been standing next to Plaintiff during the entire incident and had also been named as "witnesses" in the original CPD case report. Both individuals would likely have provided statements that Hunter was the initial aggressor. Lieutenant Spaulding advised the Plaintiff that he was not interested in speaking with either of these witnesses.

32. On June 16, 2015, Lieutenant Spaulding informed Plaintiff that both Hunter and Hunter's father were demanding the CPD charge Plaintiff with a crime and further threatening a law suit against the city and/or individual officers if CPD tried to "cover up" the incident.

33. In charging Plaintiff, Lieutenant Spaulding disregarded the Emergency Room medical report from June 13, 2015 which showed that Hunter sustained no serious injuries other than some redness and minor swelling to the one side of her face; the medical report also reflected Hunter's statement that she had not lost consciousness during the incident and she reported a pain level of 5 out of 10.

34. Lieutenant Spaulding submitted a false accusatory instrument stating that the Plaintiff had punched and pushed Hunter, and as a result, she had sustained hearing loss, concussions, and substantial pain and swelling.

35. Lieutenant Spaulding thereafter submitted a false press release to local media sources. The police report falsely accused Plaintiff of committing an assault and/or battery, and causing Hunter serious physical injuries.

36. As chief of police for all times relevant herein, Trentanelli was responsible for the supervision of the entire CPD; had actual or constructive knowledge of Lieutenant Spaulding and/or Patrolman Glover's actions as set forth herein; and failed to investigate and/or take remedial measures for Lieutenant Spaulding and Patrolman Glover's actions as set forth herein.

37. In fact, upon formation and belief, Lieutenant Spaulding and Patrolman Glover remain employed by CPD.

38. On May 18, 2016, the Assault, third degree charge was dismissed in the Plaintiff's favor.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983
## ABUSE OF PROCESS
## AGAINST INDIVIDUAL DEFENDANTS

39. The Plaintiff repeats and incorporates by reference the allegations contained in paragraph 1-38 above with the same force and effect as if herein set forth.

40. Individual Defendants' actions were unfounded and frivolous and without probable cause to believe that charges filed would succeed and were for an improper purpose.

41. Individual Defendants' actions were motivated by including but not limited to the intent to legally harass and injure Plaintiff.

42. Individual Defendants' actions were for the purpose of obtaining a collateral advantage over the Plaintiff including but not limited to those set forth in π32.

43. As a direct and proximate cause of the Individual Defendants' actions, Plaintiff has suffered, and will continue to suffer, from monetary damages, emotional distress, mental anguish, significant damage to reputation and/or other compensable damages.

## COUNT II
## VIOLATION OF 42 U.S.C. §1983
## MALICIOUS PROSECUTION
## AGAINST INDIVIDUAL DEFENDANTS

44. The Plaintiff repeats and incorporates by reference the allegations contained in paragraph 1-43 above with the same force and effect as if herein set forth.

45. Individual Defendants' actions were unfounded and frivolous and without probable cause to believe that the prosecution would succeed and were for an improper purpose.

46. The prosecution of the Plaintiff was brought vindictively and for the ulterior motive and/or purpose of attempting to legally harass and injure the Plaintiff.

47. The prosecution against the Plaintiff was malicious and brought without any cause to believe that a crime had been committed.

48. The bringing and continuing of this action constituted malicious prosecution on the part of the Individual Defendants against the Plaintiff.

49. Final judgement was entered in the Plaintiff's favor.

50. As a direct and proximate cause of the Individual Defendants' actions, Plaintiff has suffered, and will continue to suffer, from monetary damages, emotional distress, mental anguish, significant damage to reputation and/or other compensable damages.

## COUNT III
## VIOLATION OF NEW YORK STATE COMMON LAW
## ABUSE OF PROCESS
## AGAINST ALL DEFENDANTS

51. The Plaintiff repeats and incorporates by reference the allegations contained in paragraph 1-50 above with the same force and effect as if herein set forth.

52. Defendants' actions against the Plaintiff were unfounded and frivolous and without probable cause to believe that charges filed would succeed and were for an improper purpose.

53. Defendants' actions were motivated by including but not limited to the intent to legally harass and injure Plaintiff.

54. Defendants' actions were for the purpose of obtaining a collateral advantage over the Plaintiff including but not limited to those set forth in $\pi 32$.

55. As a direct and proximate cause of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, from monetary damages, emotional distress, mental anguish, significant damage to reputation and/or other compensable damages.

## COUNT IV
### VIOLATION OF NEW YORK STATE COMMON LAW
### MALICIOUS PROSECUTION
### AGAINST ALL DEFENDANTS

56. The Plaintiff repeats and incorporates by reference the allegations contained in paragraph 1-55 above with the same force and effect as if herein set forth.

57. Defendants engaged in actions that were unfounded and frivolous and without probable cause to believe that the prosecution would succeed and were for an improper purpose.

58. The prosecution of the Plaintiff was brought vindictively and for the ulterior motive and/or purpose of attempting to legally harass and injure the Plaintiff.

59. The prosecution against the Plaintiff was malicious and brought without any cause to believe that a crime had been committed.

60. The bringing and continuing of this action constituted malicious prosecution on the part of the Defendants against the Plaintiff.

61. Final judgement was entered in the Plaintiff's favor.

62. As a direct and proximate cause of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, from monetary damages, emotional distress, mental anguish, significant damage to reputation and/or other compensable damages.

## COUNT V
### VIOLATION OF NEW YORK STATE COMMON LAW
### NEGLIGENT SUPERVISION, TRAINING AND RETENTION
### AGAINST THE CITY AND CHIEF SALVATORE TRENTANELLI

63. The Plaintiff repeats and incorporates by reference the allegations contained in paragraph 1-62 above with the same force and effect as if herein set forth.

64. Chief Trentanelli is responsible for the supervision, training and retention of the City's employees.

65. The City charged Chief Trentanelli the responsibly of properly supervising, training and retaining its employees.

66. Chief Trentanelli owed a duty to the City's citizens such as the Plaintiff.

67. Chief Trentanelli's actions and/or omissions breached the duty owed to the City's citizens such as the Plaintiff.

68. Chief Trentanelli's actions and/or omissions showed a reckless and callous disregard for the City's citizen's rights such as the Plaintiff.

69. As a direct and proximate cause of Chief Trentanelli's actions and/or omissions, the Plaintiff has suffered, and will continue to suffer, from monetary damages, emotional distress, mental anguish, significant damage to reputation and/or other compensable damages.

## COUNT VI
## VIOLATION OF NEW YORK STATE COMMON LAW
## DEFAMATION *PER SE*
## AGAINST THE CITY AND LIEUTENANT JEFFREY SPAULDING

70. The Plaintiff repeats and incorporates by reference the allegations contained in paragraph 1-69 above with the same force and effect as if herein set forth.

71. Lieutenant Spaulding's false press release to local media sources contained false statements about the Plaintiff.

72. The press release was shown to third persons.

73. The false and defamatory statements made by Lieutenant Spaulding about the personal character and reputation of Plaintiff were made maliciously and with intent to destroy Plaintiff's reputation.

74. The false and defamatory statements made by Lieutenant Spaulding accused Plaintiff of committing a serious crime.

75. Plaintiff has suffered damage to his reputation as a police officer as a result of the false and defamatory statements.

76. As a direct and proximate result of Lieutenant Spaulding's conduct, the Plaintiff has suffered and will continue to suffer extreme emotional anguish and distress.

77. As a direct and proximate result of Lieutenant Spaulding's conduct, the Plaintiff's reputation has been damaged and he has sustained and will continue to sustain damages.

**WHEREFORE,** the Plaintiff prays that judgment on all causes of action be entered in his favor as follows:

a. That Plaintiff be awarded general and compensatory damages, including pre-judgment and post-judgement interest, such as but not limited to monetary damages including but not limited to out-of-pocket expenses, and emotional distress and pain and suffering in an amount according to proof at trial;

b. That Plaintiff be awarded punitive damages in an amount according to proof at trial;

c. That Plaintiff be awarded reasonable attorney's fees, cost and expenses of suit; and

d. That Plaintiff be awarded such other relief as the Court deems just and proper.

DATED: August 10, 2017
       Rochester, New York

                                      **THE WOODWORTH LAW FIRM**

                                      /s/ Ryan C. Woodworth, Esq.
By: _____

                             Ryan C. Woodworth, Esq.
                             The Powers Building
                             16 West Main Street
                             Suite 726
                             Rochester, New York 14614
                             585-310-2563
                             ryan@woodworthlawfirm.com

                             *Attorneys for Plaintiff,*
                             *Bryan Townsend*